BENEFICIAL FINANCE CO. OF NEW YORK, INC., Plaintiff-Appellant,

v.

Ronald DALLAS and Mary E. Dallas, Defendants,

and

United States Postal Service, Defendant-Appellee.

No. 518, Docket 77–6137.

United States Court of Appeals, Second Circuit.

Argued Jan. 25, 1978.

Decided Feb. 23, 1978.

---

Joseph A. Greenman, Hill & Cook, Syracuse, N. Y., for plaintiff-appellant.

Gerald Houlihan, Asst. U. S. Atty., Rochester, N. Y., Richard J. Arcara, U. S. Atty. for the Western District of New York, Buffalo, N. Y., for defendant-appellee.

Before KAUFMAN, Chief Judge, and LUMBARD and MULLIGAN, Circuit Judges.

MULLIGAN, Circuit Judge:

This appeal raises the issue of whether the United States Postal Service (USPS) is immune from commercial garnishment proceedings. On July 26, 1977 the United States District Court for the Western District of New York, through the Honorable Harold P. Burke, held that the USPS has sovereign immunity from commercial garnishment proceedings. The district court granted summary judgment in favor of the USPS and quashed the income execution served by Beneficial Finance Company of New York, Inc. (Beneficial) which required the USPS to garnish the wages paid to its employee, Ronald Dallas. It is undisputed that Beneficial had recovered a judgment against Dallas in the Supreme Court of the State of New York, Chemung County, and that an income execution had been issued which the USPS had refused to honor. Judge Burke's decision and order cited no authority in support of his ruling. On this appeal the Government acknowledges that the Fourth, Third, Eighth and Seventh Circuits have all squarely held that the USPS is not immune from state garnishment process.[1] We agree with the uniform view of

---

1. *General Electric Credit Corp. v. Smith,* 565 F.2d 291 (4th Cir. 1977); *Goodman's Furniture Co. v. United States Postal Service,* 561 F.2d 462 (3d Cir. 1977); *May Department Stores Co. v. Williamson,* 549 F.2d 1147 (8th Cir. 1977); *Standard Oil Division, American Oil Co. v.* *Starks,* 528 F.2d 201 (7th Cir. 1975). The question has also been the subject of numerous conflicting district court decisions. See cases cited in *Goodman's Furniture Co. v. United States Postal Service, supra,* at 463 n.2.

our sister circuits and reverse the judgment and order below.[2]

The USPS takes the position that the "sue and be sued" clause, 39 U.S.C. § 401(1)[3] in the Service's authorizing statute should not be construed as a general waiver of sovereign immunity rendering it amenable to garnishment proceedings. The circuit court opinions rejecting the claim of the USPS to sovereign immunity rest upon a trilogy of Supreme Court cases. *R.F.C. v. Menihan Corp.,* 312 U.S. 81, 61 S.Ct. 485, 85 L.Ed. 595 (1941); *F.H.A. v. Burr,* 309 U.S. 242, 60 S.Ct. 488, 84 L.Ed. 724 (1940); *Keifer & Keifer v. R.F.C.,* 306 U.S. 381, 59 S.Ct. 516, 83 L.Ed. 784 (1939). All three cases stress that a general "sue and be sued" clause in a statute creating a federal corporation will be interpreted by the Court as a general waiver of sovereign immunity as to that entity. The keystone of this triumvirate is *Burr.* In that case the Court broadly stated that the doctrine of sovereign immunity is disfavored and that waivers by Congress of governmental immunity for federal instrumentalities should be liberally construed. 309 U.S. at 245, 60 S.Ct. at 490. As Mr. Justice Douglas there stated:

> [W]hen Congress establishes such an agency, authorizes it to engage in commercial and business transactions with the public, and permits it to "sue and be sued", it cannot be lightly assumed that restrictions on that authority are to be implied. Rather if the general authority to "sue and be sued" is to be delimited by implied exceptions, it must be clearly shown that certain types of suits are not consistent with the statutory or constitutional scheme, that an implied restriction of the general authority is necessary to avoid grave interference with the performance of a governmental function, or that for other reasons it was plainly the purpose of Congress to use the "sue and

be sued" clause in a narrow sense. In the absence of such showing, it must be presumed that when Congress launched a governmental agency into the commercial world and endowed it with authority to "sue or be sued", that agency is not less amenable to judicial process than a private enterprise under like circumstances would be.

*Id.* (footnote omitted).

Clearly, the rationale of *Menihan, Burr* and *Keifer & Keifer* establishes a strong presumption that the USPS is amenable to the legal proceedings in issue. The Government, in attempting to rebut this presumption, raises several arguments which we find unpersuasive. The USPS argues that, contrary to the above noted Supreme Court cases, the "sue and be sued" clause should not necessarily be given a broad, literal interpretation. However, the cases on which it relies for a more restrictive construction of such a clause do not involve creation of federal agencies. *Porto Rico v. Rosaly,* 227 U.S. 270, 33 S.Ct. 352, 57 L.Ed. 507 (1913) and *Chewning v. District of Columbia,* 73 U.S.App.D.C. 392, 119 F.2d 459, cert. denied, 314 U.S. 639, 62 S.Ct. 74, 86 L.Ed. 513 (1941), considered the "sue and be sued" clause in conjunction with acts creating the sovereign itself (Territory of Puerto Rico) and a quasi-sovereign municipality (District of Columbia). Here, on the other hand, the Postal Reorganization Act of 1970, 39 U.S.C. § 101 *et seq.,* merely created a governmental instrumentality. *Keifer & Keifer v. R.F.C., supra,* indicated that "the government does not become the conduit of its immunity in suits against its agents or instrumentalities merely because they do its work." 306 U.S. at 388, 59 S.Ct. at 517.

■■■ USPS also argues that it was not launched into the commercial arena as were

2. We also note that subsequent to the decision of Judge Burke the same issue presented here was decided by another court in this circuit. The Honorable Howard G. Munson, United States District Judge for the Northern District of New York, found that the USPS does not enjoy sovereign immunity and that its employees' wages are subject to state garnishment

proceedings. *Lincoln National Bank and Trust Co. v. Marotta,* 442 F.Supp. 49 (N.D.N.Y.1977).

3. 39 U.S.C. § 401 provides in pertinent part:
   The Postal Service shall have the following general powers:
   (1) to sue and be sued in its official name

the New Deal agencies such as the R.F.C. or F.H.A. Rather, the USPS asserts that it is a statutory successor to the Post Office Department, which had been a sovereign federal instrumentality immune from state power or regulation. Thus the Service claims the immunity long possessed by that Department. There are undoubtedly differences between the functions of the federal agencies involved in the Supreme Court trilogy and those of the USPS. However, there is no doubt that the congressional purpose in establishing the USPS was to permit the postal service to operate in a " 'business-like' " fashion. See *Standard Oil Division, American 'Oil Co. v. Starks*, 528 F.2d 201, 202 (7th Cir. 1975). To this end Congress removed the USPS from the political sphere and authorized it to act as an "independent establishment," id. at 202–03; 39 U.S.C. § 201, with powers equivalent to a private business enterprise, such as the power to make contracts, keep accounts, and to acquire and lease property. 39 U.S.C. § 401. Moreover, apart from the limitations imposed by the Private Express Statutes regarding "letter mail", 39 U.S.C. §§ 601–06, 18 U.S.C. §§ 1693–96, the USPS competes with private carriers in the delivery of mail. *Standard Oil Division, American Oil Co. 'v. Starks, supra*, at 204. We find, therefore, that the claim that the USPS should retain the broad immunity afforded its predecessor simply ignores the responsibilities which attend its new autonomy.[4]

Furthermore, Congress enacted the statutory authorization of the USPS sǒme thirty years after the Supreme Court's decision in *F.H.A. v. Burr, supra*. Hence, there was ample forewarning of the judicial construction which would be given to a broadly worded "sue and be sued" clause. Had Congress intended a more narrow waiver of USPS immunity, it could easily have drafted the clause accordingly. Indeed, the breadth of the waiver embodied in the "sue and be sued" clause of the Postal Reorganization Act is further emphasized by the few, isolated limitations on consent to suit which Congress specifically retained for the USPS. See *Standard Oil Division, American Oil Co. v. Starks, supra*, at 203.

Finally, there is no clear demonstration that any of the three *Burr* exceptions are applicable in this case—there is no inconsistency with any statutory or constitutional scheme, no plain congressional intent to use the clause restrictively, and no showing of grave interference with any USPS function. In view of all the above, we see no proper alternative to literal interpretation of the "sue and be sued" clause under the Supreme Court cases which we have discussed and which have been followed on this issue by four other circuits.

Reversed and remanded for further proceedings in accordance with this opinion.

**4.** Appellee contends that a congressional intent that the USPS generally be immune from garnishment can be inferred from 42 U.S.C. §§ 659, 662(a). These amendments to the Social Security Act were adopted subsequent to enactment of the Postal Reorganization Act of 1970. They provide that wages of federal employees—including USPS employees—shall be subject to garnishment orders for alimony and child support. The USPS asserts that the inclusion of the USPS in this statutory scheme indicates that Congress believes the USPS retains a general immunity from garnishment.

We agree, however, with those courts which have been unpersuaded by this reasoning. E. g., *United Virginia Bank/National v. Eaves*, 416 F.Supp. 518 (E.D.Va.1976); *Iowa-Des Moines* *National Bank v. United States*, 414 F.Supp. 1393 (W.D.Iowa 1976). These sections create a blanket exception from immunity for *all* federal agencies and corporations respecting certain garnishments. Logically, then, according to appellee's position these sections for the first time abrogated immunity from garnishment for all federal agencies and corporations. Since under the *Burr* trilogy it is clear that many federal instrumentalities were not immune from suit prior to § 659, the argument of USPS proves too much. *United Virginia Bank/National v. Eaves, supra*, at 522. We are therefore unwilling to read into §§ 659, 662(a) a congressional intent determinative of the issue at bar.