ALGERNON BLAIR INDUSTRIAL
CONTRACTORS, INC., Plaintiff,

v.

TENNESSEE VALLEY AUTHORITY,
Defendant.

Civ. A. No. 81–724–N.

United States District Court,
M.D. Alabama, N.D.

Dec. 21, 1982.

Capell, Howard, Knabe & Cobbs, William D. Coleman, Montgomery, Ala., for plaintiff.

Herbert S. Sanger, Jr., Gen. Counsel, James E. Fox, Associate Gen. Counsel, Robert E. Washburn, Richard B. Campbell, Knoxville, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

HOBBS, District Judge.

This cause is now before the Court on defendant's motion, filed October 4, 1982, to strike plaintiff's demand for a jury trial. Briefs have been filed on behalf of both parties.

The question presented by defendant's motion is whether a plaintiff in an action brought against TVA under § 10(a)(2)[1] of the Contract Disputes Act of 1978 (the Act) is entitled to trial by jury. That section provides that a contractor's appeal from a decision by a TVA contracting officer under § 6 of the Act can either be in the form of an appeal to an agency board or in "an action directly on the claim in a United States district court pursuant to section 1337 of Title 28, notwithstanding any contract provision, regulation, or rule of law to the contrary." 41 U.S.C. § 609(a)(2). A claim against any other entity can be brought only in the Court of Claims in lieu of the appeal to an agency board. *Id.* § 609(a)(1).

Prior to the passage of the Act a federal district court did not have jurisdiction to hear a direct action brought against TVA to review a contracting officer's decision.

1. 41 U.S.C. § 609(a)(2).

Contractors were required to exhaust their administrative appeal to an agency board first, and the resulting appeal to the district court was in the form of appellate review; therefore, no trial by jury was available. Defendant argues that the Act was created only to change the judicial review procedure and does not either expressly or through its legislative history imply a grant of trial by jury if the contractor elects to proceed directly against TVA in district court. Plaintiff argues that TVA is like any private corporation and has no sovereign immunity due to the "sue and be sued" language in its enabling statute. That language, plaintiff argues, is evidence that Congress intended suits be tried against TVA as any other suit between non-government parties; and if a jury would be appropriate in such a case between private parties it would be appropriate when TVA is a party. Although the courts have faced the question of the applicability of a jury trial under other statutes, *see, e.g., Lehman v. Nakshian*, 453 U.S. 156, 101 S.Ct. 2698, 69 L.Ed.2d 548 (1981), the issue as presented under the Contracts Disputes Act appears to be one of first impression.

The Act itself is silent as to whether a plaintiff is entitled to a jury trial in an action brought under it. The parties disagree over the standard the Court should apply to determine whether a jury trial right exists under the Act. Defendant cites *Lehman* for its contention that no right to a jury trial exists under a statute granting suits against TVA unless Congress "affirmatively and unambiguously" grants that right in the statute. Defendant argues, therefore, that since the Act does not grant a right to trial by jury either affirmatively or unambiguously, plaintiff is not entitled to one. Plaintiff attempts to distinguish *Lehman* by pointing out that the defendant in *Lehman* was the United States Navy, which had always enjoyed sovereign immunity unless expressly modified by Congressional act; therefore, plaintiff argues the *Lehman* rule only applies to statutes granting a right to sue the federal government. A closer look at the *Lehman* opinion is thus merited.

The question presented in *Lehman* was whether a plaintiff in an action against the United States under § 15(c) of the Age Discrimination in Employment Act (ADE), 29 U.S.C. § 633a(c), is entitled to a jury trial. Justice Stewart speaking for the majority in a 5–4 opinion concluded that a plaintiff is not so entitled. ADE prohibits the federal government from discriminating in its civilian employment decisions based on age. The section in question gave an aggrieved party the right to sue in federal district court for "legal or equitable relief." Plaintiff Nakshian sued under § 15(c) and requested a jury trial. The Supreme Court, reversing the two lower courts, stated that since the Seventh Amendment jury trial right does not apply to actions against the federal government, and since when Congress waives sovereign immunity it is almost always conditioned on plaintiff's giving up any claim to a jury trial, the Court's inquiry had to be "whether Congress clearly and unequivocally departed from its usual practice in this area" by granting a jury trial right under the act in question. *Id.* at 162, 101 S.Ct. at 2702.

The Court in *Lehman* looked to the legislative history of the Act and concluded that a jury trial could not be inferred from the fact that Congress gave the federal district courts jurisdiction over these suits rather than the Court of Claims. *Id.* at 164, 101 S.Ct. at 2703. The Court noted several reasons why Congress may have limited jurisdiction to the district courts. *Id.* at 164 n. 12, 101 S.Ct. at 2703 n. 12. Rule 38(a) of the Federal Rules of Civil Procedure was also interpreted by the Court to require Congress to affirmatively grant the right to a jury trial before a court would deem such right conferred, but only when the Seventh Amendment did not apply. *Id.* at 165, 101 S.Ct. at 2704.

The *Lehman* court clearly based its decision to deny plaintiff a jury trial on the fact that the action brought by plaintiff was against the United States. TVA from its very creation has not enjoyed sovereign immunity, 16 U.S.C. § 831c(b), and has been subject to suit like any other private corpo-

ration. In a case brought against TVA under the Freedom of Information Act, TVA successfully argued, against a contrary contention by the Justice Department, that it is a uniquely independent agency and has the right to conduct its own litigation without interference or unwanted assistance from the Justice Department. *Algernon Blair v. TVA,* 540 F.Supp. 551 (M.D. Ala.1982).

The instant case is in the nature of a contract dispute, which traditionally and under the rules of the common law would bring into operation the Seventh Amendment right to a jury trial unless Congress in allowing a suit against TVA intended to deny a complaining party this right to jury trial. This Court recognizes that the contract in question contains a dispute clause requiring submission of any dispute to TVA's contracting officer. Although it is under the Contract Disputes Act which plaintiff brings its action here, the Court is not persuaded that such procedure alters the right of jury trial enjoyed in other litigation involving TVA.

■ As noted above TVA always has been "liable to direct lawsuit like any other litigant," *Latch v. Tennessee Valley Authority,* 312 F.Supp. 1069, 1072 (N.D.Miss. 1970), and thus a party had the right to trial by jury. *Campbell v. Tennessee Valley Authority,* 421 F.2d 293 (5th Cir.1969). *Latch* involved a wrongful death claim while in *Campbell* the Fifth Circuit affirmed a jury verdict in a quantum meruit suit brought against TVA. TVA's motion in effect presents the argument that Congress, by the creation of the Contract Disputes Act, *sub silentio* decided to change past precedent and make this type of suit against TVA nonjury. That argument is not persuasive in light of the *Lehman* decision in which four Justices were convinced that the act there in question allowed trial by jury even though the defendant was the United States Navy, which otherwise enjoys sovereign immunity. Tort suits against the United States Navy would proceed under the Federal Tort Claims Act with no right to a jury trial, whereas in a tort claim

against TVA, the plaintiff has always enjoyed the right to a jury trial.

■ Although the resolution of the question is not free from doubt, the right to a jury trial is too basic and fundamental in this nation's legal system to construe Congressional silence as depriving litigants of a jury trial right which they have otherwise enjoyed where TVA was a party. By not specifically providing for a jury trial under the Contracts Dispute Act, the Court does not construe Congress as intending to deny a plaintiff his traditional right to a jury trial in contract cases in district court where the defending party is an independent Governmental agency such as TVA and where from the time of such agency's creation, Congress has expressly conferred on it the power to sue and be sued without any limitation.

Accordingly, it is ORDERED that defendant's motion to strike plaintiff's demand for a jury trial be and the same is hereby denied.