John L. GRIFFIN, Plaintiff,

v.

The UNITED STATES POSTAL SERVICE and Local Lodge 310 of the National Post Office Mail Handlers, Watchmen, Messengers and Group Leaders, Division of the Laborer's International Union of North America, AFL–CIO, Defendants.

Civ. A. No. C84–2015A.

United States District Court,
N.D. Georgia,
Atlanta Division.

May 1, 1986.

Penelope W. Rumsey, Novy and Rumsey, Atlanta, Ga., for plaintiff.

Stephen P. Harrison, Harrison & McGarity, McDonough, Ga., Robert T. Ross, Asst. U.S. Atty., Atlanta, Ga., for defendants.

## ORDER

ROBERT H. HALL, District Judge.

Plaintiff brings this action pursuant to the Postal Reorganization Act of 1970, 39 U.S.C. §§ 101 *et seq.* (1970), specifically § 1208(b) and (c) of that Act. Plaintiff alleges that defendant United States Postal Service ("the Postal Service"), his employer, suspended him for fourteen days in violation of the controlling collective bargaining agreement and that his union, defendant Local Lodge 310 of the National Post Office Mail Handlers, Watchmen, Messengers and Group Leaders Division of the Laborer's International Union of North America ("the union"), breached its duty of fair representation in connection with the suspension. As relief, plaintiff seeks two-weeks backpay from the Postal Service and deletion of the suspension (and corresponding charge) from his employment record by the Postal Service, as well as attorney's fees from the union and costs from both defendants. (Complaint, WHEREFORE clause).

Presently before the court are three motions: the defendant union's motion to

strike plaintiff's request for a jury trial[1]; the Postal Service's motion to strike plaintiff's request for a jury trial[2]; and the Postal Service's motion for separate trials.

## DISCUSSION

### A. *Plaintiff's jury demand*

#### 1. *The Postal Service's motion to strike*

The Postal Service moves to strike plaintiff's request for a jury trial as it concerns the claim against the Postal Service on a number of grounds, one of which is that the Seventh Amendment right to a jury trial does not apply in an action against a federal agency and the Postal Reorganization Act does not provide plaintiff with the right to a jury trial. Plaintiff counters that the "sue and be sued" provision of the Act, 39 U.S.C. § 401(1), as interpreted by the Supreme Court in *Franchise Tax Board v. United States Postal Service*, 467 U.S. 512, 104 S.Ct. 2549, 81 L.Ed.2d 446 (1984), gives plaintiff the right to have his claim against the Postal Service tried as any other claim against a non-government party, that is, to a jury if the nature of the action so warrants.

After studying the relevant authority, the court concludes that the Postal Service is correct and accordingly GRANTS the Postal Service's motion to strike plaintiff's jury demand.

■ It is well settled that the Seventh Amendment right to trial by jury does not apply in actions against the federal government because of the doctrine of sovereign immunity. *Lehman v. Nakshian*, 453 U.S. 156, 160, 101 S.Ct. 2698, 2701, 69 L.Ed.2d 548 (1981). A plaintiff in an action against the federal government has a right to a

jury trial "only where that right is one of 'the terms of [the Government's] consent to be sued.'" *Id.* at 160, 101 S.Ct. at 2701. Moreover, the jury trial right, to exist, must be "clearly" and "unequivocally" provided in the legislation creating the cause of action. *Id.* at 162, 162 n. 9, 101 S.Ct. at 2702, 2702 n. 9.

■ An action against the Postal Service, although "an independent establishment of the executive branch of the [federal government]," 39 U.S.C. § 201, is an action against the federal government for purposes of this rule.[3]

■ Plaintiff has not cited nor has the court located any provision of the Postal Reorganization Act which "clearly and unequivocally" provides for a jury trial right in suits under that Act against the Postal Service. Section 401, the section relied on by plaintiff, merely provides that the Postal Service can sue and be sued without stating any jury trial right. The *Franchise Tax Board* decision cited by plaintiff simply held that the United States Postal Service is subject to a California administrative garnishment action, 467 U.S. at 516–25, 104 S.Ct. at 2552–57, and does not support plaintiff's contentions to the contrary. Absent an express provision for a jury trial, the court must conclude that there is no right for Postal Reorganization Act claims against the Postal Service to be tried to a jury. *See Bowen v. United States Postal Service*, 459 U.S. 212, 214 n. 1, 103 S.Ct. 588, 591 n. 1, 74 L.Ed.2d 402 (1983) (without discussing the Postal Reorganization Act, Court noted that action against Postal Service for violation of collective bargaining agreement must be tried to the court without a jury). *Cf. Lehman v. Nakshian*,

---

**1.** The court has agreed to reconsider, at plaintiff's request, its Order of January 28, 1986, which granted the defendant union's motion to strike. (*See* companion Order to this Order). The court has also denied plaintiff's motion to strike the union's motion for being untimely. (*See id.*).

**2.** The court has denied plaintiff's motion to strike the Postal Service's motion to strike for being untimely. (*See id.*).

**3.** The court is aware that the District Court for the Middle District of Alabama has effectively held that the Tennessee Valley Authority, arguably an establishment similar to the Postal Service, is not the federal government for purposes of the *Lehman* standard. *See Algernon Blair Industrial Contractors, Inc. v. Tennessee Valley Authority*, 552 F.Supp. 972 (M.D.Ala.1982). This court simply declines to adopt the reasoning of that decision.

*supra* (no right to a jury trial in Age Discrimination in Employment Act actions against federal employers).

### 2. *The union's motion to strike*

The union also moves to strike plaintiff's request for a jury trial on the claim stated against it. The union argues that there is no statutory or constitutional right to a jury trial of a claim for breach of the duty of fair representation. Plaintiff does not challenge the union's statutory argument but does oppose the union's constitutional argument on the ground that the former Fifth Circuit, in binding precedent, has held that there is a Seventh Amendment right to have a fair representation claim tried to a jury.

Since plaintiff does not assert a statutory right to have his claim against the union tried to a jury, the court will only discuss plaintiff's entitlement to a jury trial of the fair representation claim under the Seventh Amendment.

The Seventh Amendment provides for a right to trial by jury in "suits at common law." The jury trial right does not extend to legal claims not available at common law nor to cases where equitable actions and remedies are involved.

In the instant case, as relief for his claim against the union, plaintiff seeks, at the most, a declaration that the union breached its duty of fair representation (so that he may proceed against the Postal Service for breach of the collective bargaining agreement) and attorney's fees.[4] As the former is equitable relief and the latter was not available at common law, the court concludes that the Seventh Amendment does not entitle plaintiff to a jury trial of the claim brought against the union.

4. Plaintiff's prayer for backpay and deletion of the disciplinary action from his employment record is directed only against the Postal Service. (Complaint, WHEREFORE clause).

5. The court does not reach the question of whether a breach of collective bargaining agreement/unfair representation action is a "suit at common law" for Seventh Amendment analysis if legal relief is sought. *Cf. Del Costello v.*

Plaintiff's reliance upon *Cox v. C.H. Masland & Sons, Inc.*, 607 F.2d 138 (5th Cir. 1980), is misplaced. In that case, the former Fifth Circuit adopted the rationale of the Eighth Circuit in *Minnis v. UAW*, 531 F.2d 850 (8th Cir.1975), in holding that a member of a collective bargaining unit has a right to a jury trial of his claim that his union violated its duty of fair representation. 607 F.2d at 143. Part of the reasoning behind the *Minnis* decision, and thus the *Cox* decision, was that the member of the collective bargaining unit was seeking "a traditional legal remedy—compensatory and punitive damages." *Minnis v. UAW*, 531 F.2d at 852. Because plaintiff is only seeking equitable relief and attorney's fees, *Cox* is not controlling.[5]

The court GRANTS the Union's motion to strike plaintiff's jury demand.

### B. *Separate trials*

The Postal Service moves the court to hold separate trials, with the issue of whether the Union breached its duty of fair representation tried before the issue of whether the Postal Service breached the collective bargaining agreement is tried.

The court DENIES this motion. The claim against the Postal Service is too interrelated with the claim against the Union to have separate trials.

### CONCLUSION

In sum, the court:

(1) GRANTS the Postal Service's motion to strike plaintiff's request for a jury trial;

(2) GRANTS the Union's motion to strike plaintiff's request for a jury trial; and

*Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983) (characterizing breach of collective bargaining agreement/unfair representation claim for purposes of statute of limitation analysis); *United Parcel Service, Inc.* v. Mitchell, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981) (same). Thus, the court does not determine whether *Cox* is still good law in this regard.

(3) DENIES the Postal Service's motion for separate trials.

The Pretrial Order will be due within 30 days of the date of this Order.