**JONES–HAILEY, a Joint Venture Plaintiff,**

v.

**CORPORATION OF the TENNESSEE VALLEY AUTHORITY, Defendant.**

No. CIV–1–83–398.

United States District Court, E.D. Tennessee, S.D.

April 13, 1987.

Paul R. Leitner, Chattanooga, Tenn., Paul Lewis, Paramus, N.J., Michael F. McKenna, Saddle River, N.J., for plaintiff.

James E. Fox, Deputy Gen. Counsel, Charles W. Van Beke, Asst. Gen. Counsel, Robert E. Washburn, D. Mark Hastings, Tennessee Valley Authority, Knoxville, Tenn., for defendant.

## MEMORANDUM AND ORDER

EDGAR, District Judge.

This is an action under the Contract Disputes Act of 1978 (hereinafter "CDA"), 41 U.S.C. §§ 601–13, 609(a)(2)–(3), for *de novo* review of a Tennessee Valley Authority (hereinafter "TVA") contracting officer's decisions. At issue are claims arising out of a contract for the construction of a 4.6 mile long, wooden flume used to divert water from a TVA dam on the Ocoee River to TVA's hydroelectric power plant located near Benton, Tennessee. This case is pres-

ently before the Court on defendant TVA's motion to strike plaintiff Jones-Hailey's jury demand. This Court has jurisdiction to decide this matter under 28 U.S.C. §§ 1331 and 1337 and 41 U.S.C. § 607(g)(2).

■ There is no Seventh Amendment right to a jury trial in suits against the United States. *Lehman v. Nakshian,* 453 U.S. 156, 160, 101 S.Ct. 2698, 2701, 69 L.Ed.2d 548 (1981). The federal government is immune from suit except to the extent it consents to be sued and then only on the narrowly construed terms to which it consented. *Id.* at 160–61, 101 S.Ct. at 2701; *Blackburn v. Comm'r of Internal Revenue,* 681 F.2d 461, 462 (6th Cir.1982). The *Lehman* Court held that for a plaintiff to have a right to a jury trial in actions against the United States, Congress must not only have unequivocally waived the government's immunity to suit under the cause of action involved but must also have unambiguously granted the right to jury trials for that particular cause of action. *Lehman,* 453 at 168–69, 101 S.Ct. at 2706. In *Lehman,* the Court found that the plaintiff did not have a right to a jury trial in an action against the United States under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621–34, because that statute did not include a clear, congressional expression of intent to permit juries in such actions. 453 U.S. at 168, 101 S.Ct. at 2705. The *Lehman* Court required an affirmative, statutory grant of the right to a jury in suits against the government in view of Congress' "normal practice of not providing a right to trial by jury when it waived the sovereign immunity of the United States." *Id.* at 168–69, 101 S.Ct. at 2706. Thus, for Jones-Hailey to be entitled to a jury in the present case, it must be found that Congress, first, unequivocally waived the government's sovereign immunity with regard to suits against the TVA under the CDA and, second, expressly granted the right to jury trials under the CDA. Neither the waiver nor the grant may be implied. *Id.* at 161, 101 S.Ct. at 2701.

As a preliminary matter, TVA's claim to sovereign immunity must be established.

Despite Jones-Hailey's arguments, TVA is part of the federal government. *Tennessee Electric Power Co. v. Tennessee Valley Authority,* 306 U.S. 118, 134, 59 S.Ct. 366, 369, 83 L.Ed. 543 (1939); *Tennessee Valley Authority v. Kinzer,* 142 F.2d 833, 837 (6th Cir.1944); *Gold Point Marina, Inc. v. Tennessee Valley Authority,* 635 F.Supp. 39, 42 (E.D.Tenn.1986); *Knickerbocker v. Tennessee Valley Authority,* 348 F.Supp. 230, 232 (E.D.Ill.1972). TVA is a corporation formed by the federal government, with directors appointed by the President, acting as an instrumentality and agency of the government. 16 U.S.C. §§ 831a, 831r. The fact that Congress organized TVA as a corporation rather than as an agency does not change TVA's inherently governmental purpose nor, consequently, its immunity from suit. *See Cherry Cotton Mills, Inc. v. United States,* 327 U.S. 536, 539, 66 S.Ct. 729, 730, 90 L.Ed. 835 (1946).

■ Although TVA qualifies for the federal government's immunity from suit, Congress has unequivocally waived this immunity as applied to TVA. The Tennessee Valley Authority Act of 1933, 16 U.S.C. §§ 831, 831c(b), provides that TVA "[m]ay sue and be sued in its corporate name." This waiver permits suits such as the present action by Jones-Hailey against TVA under the CDA.

While TVA is not protected by its immunity from Jones-Hailey's lawsuit, it is another matter whether TVA can be subjected to a trial by jury in this CDA case. The waiver contained in the Tennessee Valley Authority Act expresses Congress' intent to permit suits against TVA; it is silent as to the availability of jury trials in such suits. The CDA is likewise silent as to the right to trial by jury. In the absence of any clear statutory grant of the right to jury trials, none is available. The jury right in actions against the federal government, and hence TVA, may not be implied. *Lehman,* 453 U.S. at 162, 101 S.Ct. at 2702. Jones-Hailey, accordingly, is not entitled to a jury in the present action.

Jones-Hailey argues that the CDA does not address the issue of jury trials, because the CDA is primarily a procedure for the

resolution of contract disputes between contractors and government agencies. The CDA, Jones-Hailey asserts, is designed to broaden contractors' remedies against the government, not narrow them. Jones-Hailey maintains that the CDA was intended to make contract disputes between the government and contractors more closely resemble common law contract litigation by providing *de novo* review, not merely appellate review, and by providing, impliedly, jury trials. Jones-Hailey has offered no support for these propositions. In view of the doctrine provided in *Lehman,* these arguments advanced by Jones-Hailey must be rejected.

■ Citing *Algernon Blair Indus. Contractors, Inc. v. Tennessee Valley Authority,* 552 F.Supp. 972 (M.D.Ala.1982), Jones-Hailey maintains that *Lehman* is not applicable to cases against the TVA. *Algernon,* like the present action, involved a contract dispute brought by a contractor against TVA under the CDA. The *Algernon* court found the CDA silent on the jury issue but nonetheless found that the plaintiff contractor had a right to a jury trial against TVA, despite *Lehman.* The district court in *Algernon* ruled that *Lehman* did not apply because the *Lehman* Court based its denial of a jury trial on the United States' sovereign immunity—immunity which the *Algernon* court held TVA did not enjoy. 552 F.Supp. at 973. This Court, however, as discussed above, finds that TVA does enjoy sovereign immunity, as evidenced by the fact that Congress had to waive this immunity in order to allow suits against the TVA. *See* 16 U.S.C. § 831c(b). This waiver does not, as *Algernon* holds, act as a complete and unqualified relinquishment of all aspects of sovereign immunity. *See United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980); *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976); *Soriano v. United States,* 352 U.S. 270, 276, 77 S.Ct. 269, 273, 1 L.Ed.2d 306 (1957). *See also Griffin v. United States Postal Service,* 635 F.Supp. 190, 192 (N.D. Ga.1986) (reasoning of Algernon explicitly rejected). A jury right in cases against the federal government must be based on express and unambiguous congressional action. TVA is subject to suit but only on the express terms of its waiver of immunity. A right to a jury trial against the TVA under the CDA will not be implied.

■ In a final effort to obtain a jury in the present action, Jones-Hailey argues that TVA has either constructively or expressly consented to trial by jury in this matter and cannot now revoke its consent. *See* Fed.R.Civ.P. 38(d), 39(c). Jones-Hailey claims that TVA's failure to object to Jones-Hailey's jury demand when it was filed in 1983 amounts to a waiver of the right to object now. Jones-Hailey also maintains that TVA's participation in a non-binding, summary jury proceeding, *see* Lambros, *The Summary Jury Trial,* 103 F.R.D. 461 (1984), likewise equals a consent to a jury for the trial on the merits. These arguments are not persuasive. Rule 39(a) of the Federal Rules of Civil Procedure provides that a trial shall be by jury on all issues for which a jury was properly requested pursuant to Rule 38 unless "the court upon motion or its own initiative finds that a right of trial by jury of some or all of those issues does not exist under the Constitution or statutes of the United States." This rule contains no time limit within which TVA was required to object to Jones-Hailey's jury demand. This Court cannot impose a right to a jury trial where none exists even though TVA waited until one month before the scheduled trial date to move the Court to strike the jury demand. Neither will the Court find a constructive consent by TVA to a jury trial in TVA's participation in a summary jury trial. A summary jury trial is a settlement tool which neither limits or expands the rights of the parties involved. Lambros, *supra,* at 469.

For the foregoing reasons, this Court hereby strikes plaintiff Jones-Hailey's demand for a jury trial of this matter. Defendant TVA's motion is GRANTED.

SO ORDERED.