United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 05-10174

---

WESLEYAN CORP.,

Plaintiff-Appellant,

versus

UNITED STATES POSTAL SERVICE,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:02-CV-267
--------------------

Before JOLLY, HIGGINBOTHAM, and SMITH, Circuit Judges.

PER CURIAM:[*]

Either in response to the Postal Service's motion[1] or on its own motion,[2] the district court correctly denied Wesleyan a jury trial.[3] We conclude that no contract was formed under Texas law,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *See Jones-Hailey v. Corp. of TVA*, 660 F.Supp. 551, 553 (E.D. Tenn. 1987) (concluding there is no time-limit on motions to strike jury demands).

[2] *See* FED. R. CIV. P. 12(f), 39(a) (stating that a court can on its own motion strike pleadings or jury demands).

[3] *See Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (holding that where Congress waives the Government's immunity, the plaintiff has a right to trial by jury only if that right was "affirmatively and unambiguously granted"); *Young v. United States v. Postal Service*, 869 F.2d 158, 159 (2d Cir. 1989) (holding that the Postal Service's "sue and be sued" waiver of immunity does not unambiguously grant a right to jury trial).

for the reasons stated by the district court, and that promissory estoppel does not apply.[4]

   AFFIRMED.

---

   [4] The district court held that immunity prevents estoppel of the Postal Service, citing *Office of Personnel Management v. Richmond*, 496 U.S. 414 (1990).  We do not adopt this rationale, agreeing instead with its alternate finding that the Postal Service made no oral promise on which to base estoppel.