OPINION OF THE COURT
 

 GARTH, Circuit Judge:
 

 Presently before the Court is the petition of Travellers International AG. (“Travel-lers”) for a writ of mandamus directing the
 
 *97
 
 district court to withdraw an adversary proceeding from the bankruptcy court for a jury trial in the district court. The sole legal question raised by the petition is whether a contingent proof of claim filed against a bankrupt estate, arising from a judgment in favor of a creditor (Travellers), subjects the creditor corporation to the equitable jurisdiction of the bankruptcy court, thereby waiving the creditor-claimant’s Seventh Amendment right to a jury trial. We will deny the writ.
 

 I.
 

 On October 22, 1991, the United States District Court for the Southern District of New York entered judgment in the "amount of $12,336,127.00 against Transworld Airlines, Inc. (“TWA”) and in favor of Travel-lers for damages caused by TWA’s breach of contract.
 
 Travellers Int’l AG. v. Trans World Airlines, Inc.,
 
 No. 88 Civ. 1484 (S.D.N.Y.),
 
 appeal pending,
 
 No. 91-9250 (2d Cir.) TWA deposited $13,693,101.42 in cash (the “Deposit”) with the clerk of court on November 4, 1991, obtaining a stay of execution of the judgment pending appeal.
 
 [1]
 

 On January 31, 1992, eighty-eight days after the Deposit was made, TWA filed a petition for reorganization under Chapter 11 (11 U.S.C. §§ 101
 
 et seq.).
 
 Subsequently, TWA filed a complaint against Travel-lers in the United States Bankruptcy Court for the District of Delaware seeking a declaration that the Deposit was a preferential transfer which was voidable under 11 U.S.C. §§ 547 and 550. Alternatively, TWA sought a declaration that the Deposit be turned over to TWA as property of the debtor’s estate under 11 U.S.C. § 543. Consistent with the relief requested, TWA also sought to enjoin Travellers from making claim to the Deposit.
 

 Pursuant to its order of April 3,1992, the bankruptcy court issued a Notice of Bar Date for Filing Proofs of Claims providing that “[a]ny [creditor] of TWA whose claim is not listed or properly listed in [TWA’s schedule of liabilities] ... and who desires to participate in this case ... must file a proof of claim on or before the bar date [May 15, 1992].” (A16) Furthermore, the bar notice warned that any creditor which was required to file a claim, but which failed to do so, would be barred from participating in the distribution of the bankrupt estate. (A16) Under the order, and consistent with 11 U.S.C. § 101(5)(A), “claim” was defined as “any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured.” (A15) Travellers was served with this notice as well as a statement indicating that Travellers was not listed on TWA’s Schedule of Liabilities.
 

 On May 14,1992, Travellers responded to the notice by filing a proof of claim which stated that the claim was secured by the Deposit and that it would become an unsecured nonpriority claim only if TWA were to prevail on appeal. In addition, in a footnote to the completed claim form, Trav-ellers provided, “Claimant does not, by filing this claim, waive its demand for jury trial in [TWA’s adversary proceeding].” (A19)
 

 On July 15, 1992, Travellers filed a motion asking the district court to withdraw TWA’s adversary proceeding from the bankruptcy court arguing
 

 (1) that it is entitled to a jury trial of the factual issues raised by TWA's complaint (and Travellers’ defenses) and that the bankruptcy court has no authority to preside over a jury trial, and (2) that even if Travellers were not entitled to a jury trial, the adversary proceeding involves wholly private rights that can be adjudicated only by an Article III court.
 

 Travellers’ Brief at 7.
 

 In accordance with the district court’s procedure, the motion to withdraw was first submitted to the bankruptcy court to determine whether TWA’s adversary proceeding was a core or non-core proceeding
 
 *98
 
 pursuant to 28 U.S.C. § 157(b)(3).
 
 [2]
 
 The bankruptcy court issued an order on July 31, 1992, holding that both the preference and turnover claims were core proceedings. Subsequently, by Memorandum Opinion and Order dated August 27, 1992, the district court denied Traveller’s motion to withdraw TWA’s adversary proceeding from the- bankruptcy court. Travellers now petitions this court to issue a writ of mandamus directing the district court to withdraw the reference from the bankruptcy court for a jury trial in the district court.
 

 II.
 

 Because of the undesirability of making a district court judge a litigant and the inefficiency of piecemeal appeals, issuance of a writ of mandamus is limited to extraordinary eases.
 
 In re School Asbestos Litigation,
 
 977 F.2d 764, 772-73 (3d Cir.1992);
 
 In re Pruitt,
 
 910 F.2d 1160, 1167 (3d Cir.1990). However, despite the general reluctance to grant writs of mandamus, we may do so provided that the petitioner demonstrates that it lacks adequate alternative means to obtain the relief sought and that the petitioner’s right to the issuance of a writ is clear and undisputable. Our cases have also emphasized that mandamus must not be used as a mere substitute for appeal.
 
 Westinghouse Electric Corp. v. Republic of the Philippines,
 
 951 F.2d 1414, 1422 (3d Cir.1991);
 
 In re Pruitt,
 
 910 F.2d at 1167. Moreover, it is in our discretion to determine whether the writ should issue.
 
 In re School Asbestos Litigation,
 
 977 F.2d at 772-73. Additionally, we have recently “reiterate[d] our preference for an explanation in the petition for why an interlocutory appeal is not an adequate alternative. Where interlocutory appeal seems a practical but untried avenue, we will ordinarily deny a petition for mandamus.”
 
 Id.
 
 at 774.
 

 III.
 

 In the case at hand, we need not address the various qualifications discussed above which determine whether a writ of mandamus should issue or whether the interlocutory or final appeals processes would have provided Travellers with an adequate alternative means to obtain the relief it seeks. As we have noted, an essential requirement for the issuance of a writ is that the petition must show a clear and undisputable right to the writ. This Travellers cannot do.
 

 Travellers is neither entitled to a jury trial nor is it entitled, in the alternative, to be heard by an Article III judge. Rather, by submitting a proof of claim to the debt- or’s estate, Travellers effectively waived its right to a jury trial and submitted itself to the equitable jurisdiction of the bankruptcy court.
 
 [3]
 

 The recent Supreme Court case of
 
 Langenkamp v. Culp,
 
 498 U.S. 42, 44, 111 S.Ct. 330, 331, 112 L.Ed.2d 343, 347-48 (1990) controls.
 
 Langenkamp
 
 relies upon the teachings of
 
 Granfinanciera S.A., v. Nordberg,
 
 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989), which “recognized that by filing a claim against a bankruptcy estate the creditor triggers the process of ‘allowance and disallowance of claims,’ thereby subjecting himself to the bankruptcy court’s equitable power.”
 
 Langenkamp v. Culp,
 
 498 U.S. 42, 44, 111 S.Ct. 330, 331, 112 L.Ed.2d 343, 347-48 (1990).
 
 Langen-kamp
 
 clearly holds that once a creditor
 
 *99
 
 files a claim against the bankruptcy estate, he loses his right to a jury trial in regard to an underlying preference action:
 

 If the creditor is met ... by a preference action from the trustee, that action becomes part of the claims-allowance process which is triable only in equity. In other words, the creditor’s claim and the ensuing preference action by the trustee become integral to the restructuring of the debtor-creditor relationship through the bankruptcy court’s equity jurisdiction. As such there is no Seventh Amendment right to a jury trial. If a party does not submit a claim against the bankruptcy estate, however, the trustee can recover allegedly preferential transfers only by filing what amounts to a legal action to recover a monetary transfer. In those circumstances the preference defendant is entitled to a jury trial.
 

 Langenkamp,
 
 498 U.S. at 44-45, 111 S.Ct. at 331, 112 L.Ed.2d at 348 (citations and quotations omitted).
 

 In the face of this controlling precedent, Travellers nonetheless argues that it is entitled to a jury trial because the proof of claim it filed was a “contingent” claim and therefore distinguishable from the type of claim discussed in
 
 Langenkamp:
 

 Since Travellers’ judgment against TWA is fully secured by the cash deposit, Travellers has no claim against the bankruptcy estate unless and until TWA’s preference action is decided in TWA’s favor. It is thus logically impossible to conclude that the adjudication of TWA’s preference action is a part of the process of allowance and disallowance of claims or that Travellers’ proof of claim, noting that the preference action might give rise to a claim, invoked that process.
 

 Travellers’ Brief at 12-13 (citations omitted).
 

 Despite Travellers’ position, its argument cannot circumvent the instruction found in
 
 Langenkamp
 
 that must govern our decision.
 
 Langenkamp
 
 involved uninsured financial institutions that filed for Chapter 11 bankruptcy protection. At the time of filing, there were depositors who had, within the preceding 90-day period, redeemed some, but not all, of the thrift and passbook savings certificates that had been issued to them by the debtors. The depositors filed proofs of claim for their non-redeemed certificates. Subsequently, the bankruptcy trustee brought a preference action against those depositors as to the redeemed certificates. The depositors, in turn, requested a jury trial on the bankruptcy trustee’s preference claims, which request was denied. After a bench trial the bankruptcy court held that the redemp-tions constituted avoidable preferences.
 

 The Tenth Circuit reversed, holding that the creditors were entitled to a jury trial as to the redeemed certificates, for which no claims had been filed. The Supreme Court, however, rejected the Tenth Circuit’s analysis, holding that creditors who had earlier redeemed certificates, but who had filed a proof of claim for certificates they had yet to redeem, had, by filing claims as to non-redeemed certificates, brought themselves and their redeemed certificates within the equity jurisdiction of the bankruptcy court. Thus, in
 
 Langenkamp,
 
 even though no claims, contingent or otherwise, were filed as to the redeemed certificates, the creditors had nonetheless lost their right to a jury in the preference action respecting the redeemed certificates.
 

 Similarly, pursuant to
 
 Langenkamp,
 
 Travellers has,
 
 a fortiori,
 
 waived its right to a jury trial and has constructively submitted to the equitable jurisdiction of the bankruptcy court by filing a claim with the court. If the
 
 Langenkamp
 
 Court found jury waiver and bankruptcy court jurisdiction as to assets for which no claim had been filed, there can be little doubt that waiver results when, as in this case, a claim has been filed, albeit contingent and denominated as “protective.” Moreover, as we have earlier observed, Travellers’ argument that “contingent claims” are not encompassed by the Supreme Court’s definition of “claims” is without merit. The definition of “claim” which appears in the definitional section of the Bankruptcy Code is as follows:
 

 “claim” means—
 

 (A) right to payment, whether or not such right is reduced to judgment, liqui
 
 *100
 
 dated, unliquidated, fixed,
 
 contingent,
 
 matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured
 

 11 U.S.C. § 101(5)(A) (emphasis added).
 

 In the absence of any qualifying language to the contrary in
 
 Langenkamp,
 
 there can be no question that the Supreme Court’s definition of “claim” is the same as the one found in the bar notice and in the Bankruptcy Code and includes Travellers’ “protective” claim.
 
 [4]
 

 The Supreme Court’s holdings in
 
 Granfi-nanciera
 
 and
 
 Langenkamp
 
 leave no doubt that the equitable jurisdiction of the bankruptcy court is exclusive when its jurisdiction has been invoked by the filing of a claim. Where, as in this case, a creditor has filed a claim, even though the claim is couched in protective language and is contingent, that creditor has submitted to the bankruptcy court’s equitable jurisdiction and waived any Seventh Amendment right to a jury trial.
 
 [5]
 

 IV.
 

 Because Travellers waived its right to a jury trial when it filed a proof of claim against the bankrupt estate of TWA, Trav-ellers’ petition for a writ of mandamus will be denied.
 

 [1]
 

 . The appeal of the contract action has since been stayed in light of the automatic stay provision of the Bankruptcy Code.
 

 [2]
 

 . 28 U.S.C. § 157(b)(3) provides:
 

 The bankruptcy judge shall determine, on the judge’s own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to the case under title 11. A determination that a proceeding is not a core proceeding shall not be made solely on the basis that its resolution may be affected by State law.
 

 [3]
 

 . Alternatively, TWA argues that Travellers is foreclosed from receiving a jury trial because of the untimely nature of its demand. The district court declined to address the timeliness issue in refusing Travellers’ motion for withdrawal of the reference because ”[i]t is by no means clear in this district what rule or rules are applicable in assessing the timeliness of a jury demand made in an adversary proceeding instituted in bankruptcy court.” District Court Opinion at 6.
 

 Because we conclude that Travellers’ right to a jury trial has been foreclosed by the Supreme Court’s holding in
 
 Langenkamp,
 
 this Court, like the district court, need not decide whether Trav-ellers demand for a jury was timely.
 

 [4]
 

 . To the extent that Travellers attempts to distinguish
 
 Langenkamp
 
 by arguing that the Supreme Court case refers only to those preference actions in which (as in
 
 Langenkamp)
 
 a claim is filed before the preference action was brought, its position is unsupportable. No court has made such a distinction, nor do we find such a distinction persuasive.
 
 In re Glen Eagle Square, Inc.,
 
 132 B.R. 106, 112 (Bankr.E.D.Pa.1991),
 
 aff’d
 
 132 B.R. 115 (E.D.Pa.1991) (holding that a creditor's filing of a proof of claim after an adversary proceeding is brought against it constitutes “a knowing, voluntary, and intelligent waiver of its rights to a jury trial”).
 

 [5]
 

 . Because Travellers waived its right to a jury trial under
 
 Langenkamp,
 
 there is no need to address the question of whether, if Travellers had not waived its Seventh Amendment right, withdrawal of the reference would be unnecessary because the bankruptcy court may be empowered to conduct jury trials.
 
 See, e.g., In re Ben Cooper, Inc.,
 
 896 F.2d 1394 (2d Cir.),
 
 cert. granted sub nom. Ins. Co. of Pennsylvania v. Ben Cooper, Inc.,
 
 497 U.S. 1023, 110 S.Ct. 3269, 111 L.Ed.2d 779 (1990),
 
 vacated & remanded for consideration of a jurisdictional issue,
 
 — U.S. -, 111 S.Ct. 2041, 114 L.Ed.2d 126 (1991).
 

 Travellers’ alternative argument, that whether, or not it has waived its right to a jury trial, it is entitled to a trial conducted by an Article III judge, is, in our opinion, without merit.
 
 Lan-genkamp
 
 expressly holds that once a defendant in a preference action has submitted a proof of claim, both the claim and the preference action "become integral to the restructuring of the debtor-creditor relationship through the bankruptcy court’s equity jurisdiction.”
 
 Langenkamp,
 
 498 U.S. at 44, 111 S.Ct. at 331, 112 L.Ed.2d at 348.