R.A. BARTON, et al., Plaintiffs,

v.

AMERICAN RED CROSS,
et al., Defendants.

Civ. A. No. 91–T–1001–S.

United States District Court,
M.D. Alabama, S.D.

July 7, 1993.

See also 826 F.Supp. 407.

James Prestwood, Andalusia, AL, Alvin
Prestwood, Linda G. Smith, Joseph Borg,
Ben Fuller, Montgomery, AL, for plaintiffs.

Kathryn H. Sumrall, Birmingham, AL.

Tony Miller, Jeffrey Grantham, Warren B.
Lightfoot, Jr., Birmingham, AL, Bruce Chad-
wick, Deena R. Bernstein, Kathleen Behan,
David P. Gersch, Washington, DC, for defen-
dants.

## ORDER

MYRON H. THOMPSON, Chief Judge.

Plaintiffs R.A. Barton and her husband
and two sons charge that defendants Ameri-
can Red Cross and Eoline McGowan, M.D.,
violated the Alabama Medical Liability Act
(AMLA), Ala.Code 1975 §§ 6–5–480 to –488,
6–5–540 to –552, by negligently and wantonly
failing to screen properly for HIV-infected
blood that was given to Mrs. Barton in a
transfusion. The Bartons also bring two oth-
er state law claims, for fraudulent conceal-
ment and the tort of outrageous conduct.[1]
This cause is now before the court on the
Red Cross's motion to strike the Bartons'
jury demand. For the reasons set forth
below, the Red Cross's motion is granted.[2]

The Red Cross contends that, as a federal-
ly chartered instrumentality, 36 U.S.C.A.
§§ 1, et seq., it has the same sovereign im-
munity from trial by jury as the United
States. There is no seventh amendment
right to a jury trial in suits against the
United States. Lehman v. Nakshian, 453
U.S. 156, 160, 101 S.Ct. 2698, 2701, 69
L.Ed.2d 548 (1981). The Red Cross main-
tains, therefore, that, unless Congress has
expressly waived this immunity, it is immune
from trial by jury.

---

1. Pursuant to 36 U.S.C.A. § 2, the federal courts
have original jurisdiction over all cases to which
the Red Cross is a party. See American National
Red Cross v. S.G., — U.S. —, —, 112 S.Ct.
2465, 2472, 120 L.Ed.2d 201 (1992).

2. The procedural history and factual allegations
of this case are set forth in detail in an earlier
order dated September 29, 1992. Barton v.
American Red Cross, 804 F.Supp. 1455 (M.D.Ala.
1992).

The court must first decide whether the Red Cross enjoys sovereign immunity. Previously, in finding that the Red Cross is a "federal instrumentality" for purposes of immunity from state taxation, the Supreme Court wrote that the Red Cross enjoys the "status" of being "virtually ... an arm of the Government." *Department of Employment v. United States,* 385 U.S. 355, 359–60, 87 S.Ct. 464, 467, 17 L.Ed.2d 414 (1966). The Bartons claim that, although the Red Cross enjoys such status and has immunity from state taxation, it is not otherwise entitled to sovereign immunity. They argue that the fact that an entity is a federal instrumentality clothed with sovereign immunity for one purpose does not mean that it is a federal instrumentality for another purpose.

For example, the Ninth Circuit Court of Appeals held that the Red Cross is not a federal agency within the meaning of the Freedom of Information Act, 5 U.S.C.A. § 552, *Irwin Memorial Blood Bank v. American National Red Cross,* 640 F.2d 1051 (1981), but is one for state tax purposes, *United States v. Spokane,* 918 F.2d 84, 88 (9th Cir.1990), *cert. denied,* ── U.S. ──, 111 S.Ct. 2888, 115 L.Ed.2d 1053 (1991); *see also Department of Employment,* 385 U.S. at 358–61, 87 S.Ct. at 467–68. In *Spokane,* the court explained this difference in treatment by stating:

> "What we did decide [in *Irwin*] was that given the purposes and the background of the Freedom of Information Act, the Red Cross was not an agency within the meaning of that statute. To extrapolate from that holding to the area of the law which we must deal with here would be a serious logical and semantic error."

918 F.2d at 88. The court explained the fallacy of insisting "that a word which has a meaning in one context must have the self-same meaning when transplanted to an entirely different context." *Id.* Relying on this distinction, the Bartons argue that, although the Red Cross may be a federal instrumentality entitled to sovereign immuni-

ty for purposes of taxation, *Department of Employment,* 385 U.S. at 358–61, 87 S.Ct. at 467–68, and punitive damages, *Barton v. American Red Cross,* 826 F.Supp. 407 (M.D.Ala.1993), it is not, for example, entitled to sovereign immunity for purposes of the Federal Tort Claims Act (FTCA), 28 U.S.C.A. §§ 1346(b), 2402, 2671–2680, or, more specifically, for purposes of jury trial.[3]

Assuming that an entity may be a federal instrumentality with sovereign immunity for one purpose and not for another, the court remains convinced that the Red Cross is entitled to the same immunities from litigation as those enjoyed by the federal government, including immunity from trial by jury. In *Lehman,* the Supreme Court explained that it is not difficult to understand why Congress would be reluctant to provide for jury trials against the United States: juries might be overly generous because of the virtually unlimited ability of the government to pay the verdict. 453 U.S. at 161 n. 8, 101 S.Ct. at 2702 n. 8. In *Department of Employment,* the Supreme Court explained that "Congress chartered the present Red Cross in 1905, subjecting it to governmental supervision and to a regular financial audit by the Defense ... Department," *id.,* 385 U.S. at 360, 87 S.Ct. at 467 (citation omitted); that "Its principal officer is appointed by the President, who also appoints seven (all government officers) of the remaining 49 Governors," *id.* (citation omitted); that "By statute and Executive Order there devolved upon the Red Cross the right and the obligation to meet this Nation's commitments under various Geneva Conventions, to perform a wide variety of functions indispensable to the workings of our Armed Forces around the globe, and to assist the Federal Government in providing disaster assistance to the States in time of need," *id.* (footnotes omitted); and that, "Although its operations are financed primarily from voluntary private contributions, the Red Cross does receive substantial material assistance from the Federal Government." *Id.* (footnote omitted). This court is convinced that the Red Cross is so inter-

---

**3.** The Bartons have assumed that the Red Cross is not a federal agency subject to the FTCA. The court does not reach whether this assumption has merit. *See Mendrala v. Crown Mortgage Co.,* 955 F.2d 1132, 1136 (7th Cir.1992) (suggesting criteria for determining when an entity is a federal agency covered by the FTCA).

twined with and essential to the operation of the federal government, both internationally and domestically, that litigation poses the same potential for interference with public administration to the Red Cross as it does to the federal government in general. As "virtually ... an arm of the Government," *id,* the Red Cross faces a similar danger of overly generous verdicts from juries.[4] The Red Cross should be placed on a par with the federal government as to the extent to which the Red Cross should be open to litigation.

◼ This conclusion that the Red Cross enjoys an immunity beyond that of being shielded from state taxation is reinforced by the fact that, like the Tennessee Valley Authority (TVA) and many other federal instrumentalities, the Red Cross's charter contains a clause giving it "the power to sue and be sued in courts of law and equity, State or Federal, within the jurisdiction of the United States." 36 U.S.C.A. § 2. This "sue and be sued" clause waives sovereign immunity. *See Loeffler v. Frank,* 486 U.S. 549, 554, 108 S.Ct. 1965, 1969, 100 L.Ed.2d 549 (1988). As other courts have explained, this clause "presumably would have been unnecessary had Congress intended to have the [instrumentality] treated as a private entity from its inception." *Young v. United States Postal Service,* 698 F.Supp. 1139, 1143 (S.D.N.Y.1988), *mandamus denied, In re Young,* 869 F.2d 158 (2d Cir.1989) (per curiam). In a case against the TVA, another court stated that the "TVA does enjoy sovereign immunity, as evidenced by the fact that Congress had to waive this immunity in order to allow suits against the TVA." *Jones–Hailey v. Corporation of TVA,* 660 F.Supp. 551, 553 (E.D.Tenn. 1987). Thus, the court must begin with the

premise that the Red Cross has sovereign immunity as to trial by jury.[5]

◼ The court must next determine whether the waiver of the Red Cross's sovereign immunity contained in the "sue and be sued" clause extends to waiver of immunity from jury trial. The Supreme Court has stated that "sue and be sued" waivers "should be liberally construed." *Federal Housing Admin. v. Burr,* 309 U.S. 242, 245, 60 S.Ct. 488, 490, 84 L.Ed. 724 (1940). The Court explained that, "it must be presumed that when Congress launched a governmental agency into the commercial world and endowed it with authority to 'sue or be sued', that agency is not less amenable to judicial process than a private enterprise under like circumstances would be." *Id.* "Clearly the words 'sue and be sued' in their normal connotation," the Court continued, "embrace all civil process incident to the commencement or continuance of legal proceedings." *Id.* The Court has more recently reiterated that, "Encompassed within this liberal-construction rule is the principle 'that the words "sue and be sued" normally include the natural and appropriate incidents of legal proceedings.'" *Loeffler,* 486 U.S. at 555, 108 S.Ct. at 1969 (quoting *Reconstruction Finance Corp. v. J.G. Menihan Corp.,* 312 U.S. 81, 85, 61 S.Ct. 485, 487, 85 L.Ed. 595 (1941)). Thus, the issue is whether the right to a jury trial is a natural and appropriate incident of legal proceedings or, to put it another way, whether the denial of a jury trial would make the Red Cross less amenable to judicial process than a private enterprise.

The court agrees with the Red Cross's contention that the incidents of civil process waived by a "sue and be sued" clause include

---

4. This is not to say that this danger is real, however. According to *Lehman,* Congress is concerned that it may be so, and this court believes that the same concern, founded or unfounded, arguably could be shared with regard to the Red Cross.

5. Another court, construing the sovereign immunity of the TVA, wrote:

"TVA from its very creation has not enjoyed sovereign immunity, 16 U.S.C. § 831c(b), and has been subject to suit like any other private corporation.... The instant case is in the

nature of a contract dispute, which traditionally and under the rules of the common law would bring into operation the Seventh Amendment right to a jury trial unless Congress in allowing a suit against TVA intended to deny a complaining party this right to jury trial."

*Algernon Blair Indus. Contractors, Inc. v. Tennessee Valley Authority,* 552 F.Supp. 972, 973–74 (M.D.Ala.1982). Obviously, this court disagrees with the analysis of sovereign immunity in *Algernon Blair.*

only those things necessary to commence and maintain a legal proceeding to permit full compensation. Although the right to a jury trial is certainly an important part of our legal system, it is not necessary to achieve full compensation in a legal proceeding. In *Young v. United States Postal Service*, the district court was confronted with the question of whether the clause in the Postal Reorganization Act that allows the United States Postal Service to "sue and be sued," 39 U.S.C.A. § 401(1), also subjects the Service to trial by jury. The district court pointed out that "striking plaintiff's jury demand would not render the Service less amenable to judicial process, or less subject to liability for its acts, than any other business." 698 F.Supp. at 1145. Similarly, the Red Cross will still be amenable to judicial process even if no jury trial is allowed against it.

In upholding the district court in *Young*, the Second Circuit Court of Appeals wrote that, "While 'sue and be sued' clauses in federal statutes are indeed broad waivers of immunity and have subjected the federal government and its agencies to many types of liability and process, including prejudgment interest, liability for costs, and garnishment and attachment proceedings, the waiver of sovereign immunity does not, by itself, grant a right to trial by jury in an action against the federal government." *In re Young*, 869 F.2d at 159 (citations omitted). Similarly, although waivers of sovereign immunity should be liberally construed, the Red Cross's "sue and be sued" waiver should not be expanded to include the right to a jury trial absent some additional statutory language or legislative history that would support such an expansion.

In addition, in *Lehman*, the Supreme Court has specifically held that "the plaintiff in an action against the United States has a right to trial by jury only where Congress has *affirmatively* and *unambiguously* granted that right by statute." 453 U.S. at 168, 101 S.Ct. at 2705 (emphasis added). The Court explained that "When Congress has waived the sovereign immunity of the United States, it has almost always conditioned that waiver upon a plaintiff's relinquishing any claim to a jury trial." *Id.* at 161, 101 S.Ct. at

2702. Therefore, "if Congress waives the Government's immunity from suit, ... the plaintiff has a right to a trial by jury only where that right is one of 'the terms of [the Government's] consent to be sued.'" *Id.* at 161, 101 S.Ct. at 2701 (quoting *United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976)). The Red Cross's charter, 36 U.S.C.A. §§ 1, et seq., contains no express provision waiving its immunity from jury trial. As explained above, the "sue and be sued" clause in the charter only waives immunity for the normal incidents of civil process. The parties have not pointed to any legislative history addressing the right to a jury trial in a suit against the Red Cross. Accordingly, the Red Cross's immunity from trial by jury has not been waived.

■ Finally, the Bartons argue that the Red Cross's motion to strike the jury demand was untimely filed. Although the Bartons claim that, if the motion to strike is granted, their case preparation will be confused, the court ascertains no prejudice to the Bartons. Certainly, the Bartons will not have to make any additional preparations for a bench trial. If anything, a jury trial would require slightly more preparation. In addition, at the time the Red Cross filed its motion to strike the jury demand, the trial date had not been set.

Accordingly, for the above reasons, it is ORDERED that defendant American Red Cross's February 24, 1993 motion to strike plaintiffs' demand for trial by jury is granted.