**CPI PLASTICS, INC. and CPI Plastics, L.L.C., Plaintiffs,**

**v.**

**USX CORPORATION, Defendant.**

**No. CIV.A.3–95–CV–124–JTC.**

United States District Court, N.D. Georgia. Newnan Division.

Dec. 29, 1995.

J. Littleton Glover, Jr., Mark Emery Dacy, Peter Alexander Durham, Glover & Davis, Newnan, Alan S. Miller, Anthony P. Picadio, Picadio, McCall, Kane & Norton, Pittsburgh, PA, for Plaintiffs.

Joseph P. MacNabb, George C. Rosenzweig, Rosenzweig Jones MacNabb, Newnan, Edward H. Jones, U.S. Steel, Law Department, Pittsburgh, PA, for Defendant.

## ORDER

CAMP, District Judge.

This case is before the Court on Plaintiffs' Motion to Strike Demand for Jury Trial and for Non-jury Trial on All Claims [# 48–1].

## I. BACKGROUND

This action involves alleged contamination of the soil and groundwater at a manufacturing facility located in Newnan, Georgia. Plaintiffs seek recovery of costs of past investigation and remediation incurred as a result of the contamination of the property from Defendant as well as injunctive relief requiring Defendant to participate in additional investigation and remediation to be conducted in the future.

The trial of this case is set to proceed on November 9, 1998. On October 6, 1998, Plaintiffs moved to strike their own jury demand, seeking a non-jury trial of all issues in the case. Defendant opposes this motion. The Court held a hearing on this motion on October 16, 1998.

## II. PLAINTIFFS' MOTION TO STRIKE JURY DEMAND

Plaintiff's original Complaint in this case contained a demand for a jury trial. Both the parties and the Court have operated under the assumption that the case would be tried to a jury and on September 16, 1998, the action was set for trial on a jury calendar scheduled to begin November 9, 1998. Following this setting, on October 6, 1998, Plaintiffs moved to strike their own jury demand and for a non-jury trial of all issues in the action.

In support of the motion to strike the jury demand in the case, Plaintiffs argue that there is no right to a trial by jury on any of the claims or defenses raised in the action and that the case must be tried without a jury pursuant to Rule 39(a) of the Federal Rules of Civil Procedure. Defendant opposes the motion and argues that Plaintiffs' environmental claims do provide for a right to a trial by jury and that the action must be tried before a jury pursuant to Rule 39(a). In the alternative, Defendant argues that it is entitled to a jury trial on the affirmative defenses it has raised.

Rule 39(a) of the Federal Rules of Civil Procedure states in pertinent part:

> When trial by jury has been demanded as provided in Rule 38, the action shall be designated upon the docket as a jury action. The trial of all issues so demanded shall be by jury, unless ... (2) the court upon motion or of its own initiative finds that a right of trial by jury of some or all of those issues does not exist under the Constitution or statutes of the United States.

### A. Plaintiffs' Environmental Claims

Plaintiffs bring suit against Defendant for the costs incurred in remediating the contamination at the Newnan site. In addition, Plaintiffs seek injunctive and declaratory relief requiring Defendant to participate in future remediation and investigation of the site.

Plaintiffs assert four claims for relief: (1) a claim for contribution under § 113(f) of the Comprehensive Environmental Response Compensation and Liability Act ("CERC-

LA"), 42 U.S.C. § 9613(f); (2) a request for declaratory relief under § 113(g)(2) of CERCLA finding Defendant liable for clean-up costs in the future; (3) a request for injunctive relief under § 6972(a)(1)(B) of the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6972(a)(1)(B) requiring Defendant to participate in ongoing remediation at the site; and (4) a claim for contribution under the Georgia Hazardous Sites Response Act ("HSRA"), O.C.G.A. §§ 12–8–96 .1(e).

■ Defendant concedes that there is no right to a jury trial with respect to Plaintiffs' claims under RCRA, but argues that there is a right to a jury trial with respect to Plaintiffs' contribution claims under § 113(f) of CERCLA.

The Eleventh Circuit Court of Appeals has yet to decide whether there is a right to trial by jury in cases for contribution brought pursuant to § 113(f) of CERCLA. Indeed, as both parties point out, only one Circuit Court has addressed the issue. In *Hatco Corp. v. W.R. Grace & Co.*, 59 F.3d 400 (3d Cir.1995), the Third Circuit Court of Appeals found that there is no right to a jury trial in contribution claims brought pursuant to § 113(f) of CERCLA.

The court explained that judicial construction of § 107 of CERCLA, which allows the government or other innocent private party to bring an action to recover response costs incurred in cleaning up a contaminated site, originally created an implied right to contribution under CERCLA. *Id.* at 411. Subsequently, CERCLA was amended to include § 113(f) which provides that "[a]ny person may seek contribution from any other person who is liable or potentially liable under section 9607(a)." This remedy specifically allows response costs to be allocated among responsible parties who could be liable to the government for response costs under § 107. *Id.; see also Redwing Carriers, Inc. v. Saraland Apartments*, 94 F.3d 1489 (11th Cir. 1996). The amendment further provides that the court may allocate response costs under § 113(f) "using such equitable factors as the court determines are appropriate." 42 U.S.C. § 9613(f)(1).

In analyzing the right to a jury trial under § 113(f), the *Hatco* court acknowledged that the Seventh Amendment protects the right to a jury trial when claims are legal in nature, but not when they are equitable. *Id.* at 411. The Third Circuit noted that the remedy under § 107 of CERCLA providing for the recovery of response costs by an innocent party was akin to restitution. *Id.* at 412 (citing *United States v. Northeastern Pharmaceutical & Chem. Co.*, 810 F.2d 726 (8th Cir.1986)). Because restitution is a remedy having its origins in unjust enrichment or restoration of lost property or its proceeds, the *Hatco* court found that claims under § 107 were equitable in nature for which there is no right to a trial by jury. *Id.*

In analyzing whether a right to jury trial exists for § 113(f), the *Hatco* court noted that CERCLA contains no reference to a jury or right to jury trials in § 113(f) cases. A search of the legislative history turned up no specific statements regarding a right to a jury trial and the one relevant statement found appears to disavow any congressional intent to have juries decide § 113(f) cases:

> New subsection [9613(f)(1)] of CERCLA ... ratifies current judicial decisions that the courts may use their equitable powers to apportion the costs of a clean-up among the various responsible parties involved with the site. Courts are to resolve claims for apportionment on a case-by-case basis pursuant to Federal common law, taking relevant equitable considerations into account. Thus after questions of liability and remedy have been resolved, courts may consider any criteria relevant to determining whether there should be an apportionment.

*Id.* (citing 131 Cong.Rec. 34,645 (1985)). Finding no clear intent to grant a right to jury trial in the legislative history, the *Hatco* court examined the Seventh Amendment guarantee of a right to jury trial, concluding that courts determine the legal or equitable nature of claims by comparing them with suits actually tried in courts of common law or equity. *Id.* at 412. After conducting a historical review, the Third Circuit determined that "claim[s] for contribution of the nature presented in the case before us [pur-

suant to § 113(f)(1) ] would have been entered by a chancellor in equity." *Id.*

Persuaded by the legislative history and language of CERCLA demonstrating that § 113(f)(1) was intended to provide a flexible remedy which courts would apply using equitable factors, and finding the historical background of contribution claims consistent with this interpretation for purposes of the Seventh Amendment, the *Hatco* court found that there is no right to a jury trial for contribution claims under § 113(f) of CERCLA. Several other district courts throughout the country have reached a similar result. *See e.g., Metal Processing Co., Inc. v. Amoco Oil Co.,* 173 F.R.D. 244 (E.D.Wis.1997); *American Cyanamid Co. v. King Indus., Inc.,* 814 F.Supp. 209, 213–214 (D.R.I.1993); *Town of Jaffrey v. Town of Fitzwilliam,* 846 F.Supp. 3, 6 (D.N.H.1994); *Richmond, Fredericksburg & Potomac R.R. Co. v. Clarke,* No. 90–00336, 1991 WL 321033 (E.D.Va.1991).

As the Defendant points out, the right to a jury trial under § 113(f) of CERCLA has never been determined in this Circuit. Defendant argues that the Eleventh Circuit's reasoning relating to §§ 107 and 113(f) of CERCLA in *Redwing Carriers v. Saraland Apartments,* 94 F.3d 1489 (11th Cir.1996) dictates that the Eleventh Circuit would not follow the reasoning of the Third Circuit in analyzing the right to a jury trial under § 113(f). Defendant argues that while § 107 of CERCLA is an equitable remedy with no right to a jury trial, the Eleventh Circuit has found that § 113(f) is a "separate and distinct avenue of recovery available to a different type of plaintiff than § 107 cost recovery actions." (Defendant's Brief in Opposition to Plaintiffs' Motion to Strike Jury Demand p. 15). Specifically, Defendant claims that the Eleventh Circuit has characterized claims under § 107 as cost recovery claims by parties who are not themselves liable or potentially liable for response costs as distinguished from § 113(f) claims which provide a means for allocating response costs among responsible parties. Defendant argues that the distinction drawn between these claims by the Eleventh Circuit would justify a distinction for purposes of a right to jury trial.

After a careful review of the Eleventh Circuit's opinion in *Redwing,* the Court is not persuaded the Eleventh Circuit's reasoning in that case is relevant to the determination regarding the right to a jury trial that is before the Court. In that case, the Eleventh Circuit found that the nature of a contribution claim under § 113(f) eliminates the defense of divisibility typically available to joint tortfeasors sued for cost recovery under § 107. To the extent that the Eleventh Circuit's reasoning in *Redwing* has any relevance to the issue of whether there is a right to jury trial for a § 113(f) claim, it is consistent with the reasoning of the Third Circuit that contribution under § 113(f) is "equitable" in nature and should be determined before the Court and without a right to a jury. Indeed, the Eleventh Circuit distinguished § 113(f) from § 107 by stating: "[i]n contrast to a § 107(a) action, a contribution claim under § 113(f) is a means of *equitably allocating* response costs among responsible or potentially responsible parties." *Redwing,* 94 F.3d at 1513 (emphasis added). The court went on to state: "[w]hereas joint and several liability is the rule for defendants in actions under § 107(a), *courts* in contribution cases may 'allocate response costs among liable parties.'" Accordingly, to the extent that the Eleventh Circuit's opinion in *Redwing* is applicable to the jury trial question at issue, its reasoning appears to support the result reached by the Third Circuit in *Hatco.*

The Court is persuaded by the sound reasoning of the *Hatco* court. The language of § 113(f) refers specifically to the equitable nature of the inquiry. In addition, the relevant legislative history describes the section as allowing courts to use their equitable powers to apportion the costs of a clean up. Further, the historical origins of contribution claims in equity supports an interpretation of § 113(f) claims that does not provide a right to trial by jury. *Hatco,* 59 F.3d at 413; *see also Odd Bergs Tankrederi A § v. S/T Gulfspray,* 650 F.2d 652, 654 (5th Cir. Unit B 1981) ("Contribution, on the other hand, is based on the equitable theory that even though a wrongdoer may be liable for damages to the injured party, it should not have to bear the entire amount of damages when others are partly at fault."). Finally,

the reasoning of the Eleventh Circuit in *Red-wing* is entirely consistent with such an interpretation. Therefore, the Court finds that there is no right to a jury trial for Plaintiffs' contribution claims under § 113(f) of CERCLA.[1]

## B. Defendant's Affirmative Defenses

■ Notwithstanding the availability of a jury trial for Plaintiffs' environmental claims, Defendant argues that it is entitled to a jury trial of the affirmative defenses raised in its Answer and Amended Answer. Specifically, Defendant claims that it is entitled to a jury trial with respect to the alter-ego theory that is the basis for its affirmative defense of release.

The right to a jury trial attaches to all the factual issues associated with legal claims in a case. *Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959); *see also Owens–Illinois, Inc. v. Lake Shore Land Co., Inc.,* 610 F.2d 1185, 1190 (3d Cir.1979) ("An 'issue' does not exist in a vacuum and its characterization ... may be determined only by reference to the 'claim' to which it is pertinent. If there are no legal claims in a suit, there are no legal issues for purposes of determining the right to a jury trial."); Charles A. Wright & Arthur R. Miller, 9 Federal Practice and Procedure § 2302.1 (1995) ("no test that relied on the use of traditional equity procedure could interfere with the right to have a jury determine all the factual issues associated with a legal claim."). As discussed at length above, Plaintiffs' environmental claims are not legal in nature, but are equitable claims regarding the appropriate allocation of response costs among responsible parties.

Defendant argues, however, that the issues presented by its affirmative defenses are legal ones which trigger its right to a jury

trial. In support of this argument, Defendant cites authority within this Circuit for the proposition that counterclaims presenting legal issues in otherwise equitable actions must be tried to a jury. *See Kimberly–Clark Corp. v. Kleenize Chem. Corp.,* 194 F.Supp. 876 (N.D.Ga.1961) (Sloan, J.) (recognizing that the assertion of legal counterclaims in otherwise equitable actions does not waive the right to a jury trial). Counterclaims, however, are readily distinguishable from affirmative defenses in that they seek affirmative relief on behalf of a defendant. As Defendant concedes, even defenses that are "legal" in nature cannot give rise to a right to jury trial if not appended to a claim or other request for affirmative relief. *See Burlington Northern R.R. Co. v. Nebraska Public Power District,* 931 F.Supp. 1470, 1481 (D.Neb.1996) ("since the right to jury trial attaches to 'claims' and not 'defenses,' where a party asserts a defense which is otherwise 'legal' in nature, but does not ask for affirmative relief, the assertion of a so-called 'legal' defense, without a request for affirmative relief, will not trigger a right to jury trial where the claim asserted against the defense is equitable."). Because Plaintiffs' claims asserted against Defendant are equitable in nature, the assertion of legal affirmative defenses will not trigger a right to jury trial absent a request for affirmative relief.

Defendant argues that its request for a declaration that it is not liable for any of the response costs sought by Plaintiffs is a request for affirmative relief that gives rise to a right to jury trial. This request for "declaratory relief" simply seeks a finding of no liability on Plaintiffs' claims.

In *Owens–Illinois,* the court noted that the defendants' defenses raised questions of fact

---

1. Plaintiffs argue that their claim for declaratory relief under § 113(g)(2) of CERCLA and their claim under the Georgia Hazardous Sites Response Act ("HSRA"), O.C.G.A. § 12–8–96.1(e), are also equitable claims for which there is no right to a jury trial. Specifically, Plaintiffs claim that § 113(g)(2) authorizes courts to grant declaratory relief finding a person responsible for contribution under § 113(f) liable for costs of response to be incurred in the future and that this claim for declaratory relief is equitable given

that the underlying claim for contribution under § 113(f) is equitable. Similarly, Plaintiffs claim that O.C.G.A. § 12–8–96.1(e) is a state Superfund modeled after CERCLA that provides a contribution remedy essentially identical to the remedy afforded by § 113(f). Defendants do not dispute these contentions. Based on the clear language of both statutes and the Court's analysis of the equitable nature of § 113(f) claims, the Court finds that there is no right to jury trial on either of these claims.

and contract interpretation, but found that those defenses did not trigger a right to a jury trial because "they were not appended to a legal claim." *Owens–Illinois,* 610 F.2d at 1190. Where the defendants merely took the position that the plaintiff was "not entitled" to the specific performance requested, the court found that this was not a request for "affirmative relief" and that defenses based on breach of contract and failure of consideration would not be tried to a jury where the plaintiffs' claims were equitable. *Id.*

Similarly, Plaintiffs' claims in this case are purely equitable. Although Defendant's defenses relating to release may raise contractual issues typically within the province of the jury in cases raising legal claims, they do not give rise to a right to a jury trial where they are not appended to a legal claim or request for affirmative relief. Therefore, even if the issues involved in Defendant's affirmative defenses could be characterized as "legal," there is no right to a jury trial.

Conversely, even if Defendant's affirmative defenses were attached to a request for affirmative relief, it appears that they are equitable in nature. First, requests for declaratory relief may be characterized as either equitable or legal depending on the underlying issues raised by the request. *Simler v. Conner,* 372 U.S. 221, 223, 83 S.Ct. 609, 9 L.Ed.2d 691 (1963). Where Defendant's request for a declaration of nonliability relates to Plaintiff's purely equitable claims, that request—even if viewed as one for affirmative relief—would be equitable. Second, the alter-ego inquiry upon which Defendant relies to support its affirmative defense of release is traditionally a creature of equity. *Bangor Punta Operations, Inc. v. Bangor & Aroostook R.R. Co.,* 417 U.S. 703, 713, 94 S.Ct. 2578, 41 L.Ed.2d 418 (1974) (piercing the corporate fiction is the province of courts of equity). Third, the Eleventh Circuit has held that a request to enforce a settlement agreement is akin to an equitable request for specific performance which does not carry a right to trial by jury. *See Ford v. Citizens & Southern Nat. Bank,* 928 F.2d 1118 (11th

Cir.1991). Therefore, even if Defendant's request for a declaration of "no liability" to Plaintiffs were construed as a request for "affirmative relief," the issues raised by this request appear to be governed by equitable principles.

██ Finally, no real prejudice to Defendant results from striking the jury demand at this late date. While all parties have operated under the assumption that the trial would be before a jury up to this point, two weeks remain before the trial to allow the parties to adjust their presentation for a bench trial. A trial before the Court will require less preparation than trial before a jury. *See R.A. Barton v. American Red Cross,* 826 F.Supp. 412, 415 (M.D.Ala.1993) (no prejudice to plaintiffs in striking jury demand at late juncture where case preparation would not be confused by bench trial and "[i]f anything, a jury trial would require slightly more preparation."), *aff'd,* 43 F.3d 678 (11th Cir.1994). Both parties can focus on effectively presenting their versions of the facts rather than collateral matters such as jury selection.

## III. CONCLUSION

Based on the foregoing, Plaintiffs' Motion to Strike Demand for Jury Trial and for Non-jury Trial on All Claims [# 48–1] is **GRANTED.** Trial of all issues presented in the case shall be before the Court. The parties will be expected to submit proposed findings of fact and conclusions of law by November 4, 1998.