**In re Anthony G. CHRISTOU, Debtor.**

**In re Atlas Mortgage Corporation, Debtor.**

**Jeffrey K. Kerr, Trustee, Plaintiff,**

**v.**

**Cressaty Metals, Inc., Cherif Cressaty, Defendants.**

**Bankruptcy Nos. 06–68251–MHM, 06–68376–MHM. Adversary No. 08–6402.**

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

April 1, 2011.

Christopher D. Phillips, Stuart F. Clayton, Jr., Lamberth, Cifelli, et al., Atlanta, GA, for Plaintiff.

Genevieve H. Dame, H. Michael Dever, Friedman, Dever & Merlin, LLC, Atlanta, GA, for Defendants.

**ORDER STRIKING JURY DEMAND**

MARGARET H. MURPHY,
Bankruptcy Judge.

This matter is before the court on Plaintiff's *motion to strike* Defendant's *demand for a jury trial* (Doc. No. 57) (the "Motion to Strike"). For the reasons stated below, Plaintiff's Motion to Strike is **granted** as to Cherif Cressaty, but not as to Cressaty Metals, Inc.

## STATEMENT OF FACTS

On July 11, 2008, Jeffrey K. Kerr, the duly appointed Chapter 7 Trustee ("Plaintiff"), filed a complaint in this adversary proceeding seeking to recover, as fraudulent, $12,494,062.08 in transfers from Debtors to Defendants. On September 12, 2008, Defendants filed their *Answer* to the Complaint and on September 25, 2008, Defendants filed a *Demand for Jury Trial in the Adversary Proceeding* (Doc. No. 7) (the "Jury Demand"). On October, 13, 2008, Trustee and Defendants filed a *Consent to Trial by Jury Conducted by a United States Bankruptcy Judge* (Doc. No. 13) (the "Consent"). On April 14, 2010, Defendant Cherif Cressaty ("Cressaty") filed a proof of claim in Debtor's main bankruptcy case for $101,941.56 (Claim No. 108) (the "Proof of Claim"). On October 4, 2010, a notice was filed purporting to withdraw the Proof of Claim (Doc. No. 567 in the main case) (the "Withdrawal"). On October 22, 2010, Plaintiff filed this Motion to Strike.

Plaintiff moves to strike Defendants' Jury Demand, alleging that the filing of Cressaty's Proof of Claim after the initiation of this Adversary Proceeding constitutes a knowing waiver of Defendants' right to a jury trial. Defendants allege that because the Proof of Claim was filed subsequent to the initiation of this Adver-

sary Proceeding, they did not waive their right to a jury trial. Defendants also allege that because they withdrew their Proof of Claim, their right to a jury trial was reinstated under Fed. R. Bankr.P. 3006, which provides:

> If after a creditor has filed a proof of claim an objection is filed thereto or a complaint is filed against that creditor in an adversary proceeding, . . . the creditor may not withdraw the claim except on order of the court after a hearing on notice. . . .

## DISCUSSION

■ The Seventh Amendment of the Constitution of the United States of America grants a defendant an absolute right to a jury trial in actions such as this Adversary Proceeding when: "In Suits at common law, where the value of the controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law." U.S. Const. Amendment VII; *Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989). The issue involved in the Motion to Strike was addressed by the U.S. Supreme Court decision in *Langenkamp v. C.A. Culp, (In re Republic Trust & Savings Co. and Republic Financial Corp.),* 498 U.S. 42, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990), which held that when a creditor files a proof of claim against the bankruptcy estate, the creditor effectively waives its right to a jury trial in a preference action filed by the Chapter 7 trustee. Explaining the holding, the Supreme Court cited *Granfinanciera,* stating:

> In *Granfinanciera* we recognized that by filing a claim against a bankruptcy estate the creditor triggers the process

of "allowance and disallowance of claims," thereby subjecting himself to the bankruptcy court's equitable power. If the creditor is met, in turn, with a preference action from the trustee, that action becomes part of the claims-allowance process which is triable only in equity. In other words, the creditor's claim and the ensuing preference action by the trustee become integral to the restructuring of jurisdiction. As such, there is no Seventh Amendment right to a jury trial.

"The Supreme Court's holding in *Granfinanciera* and *Langenkamp* leave no doubt that the equitable jurisdiction of the bankruptcy court is exclusive when its jurisdiction has been invoked by the filing of a claim." *Travellers Int'l AG v. Robinson,* 982 F.2d 96, 100 (3d Cir.1992). Thus, when Cressaty filed the Proof of Claim, the right to a jury trial was lost. Furthermore, as discussed below, the loss of the right to a jury trial is unchanged by: (1) Plaintiff's previous filing of the Consent to a jury trial in the bankruptcy court; (2) the Adversary Proceeding having been filed prior to the Proof of Claim; and (3) the withdrawal of the Proof of Claim.

### Plaintiff Can Unilaterally Withdraw His Previous Consent To A Jury Trial

■ At the time Plaintiff's Consent was filed, no proof of claim had been filed, and Defendants had an absolute right to a jury trial under the Seventh Amendment. As a result, the Plaintiff had no basis for opposing Defendants' Jury Demand when it was made. Instead, his only decision was whether to consent to a trial in bankruptcy court or to allow the Adversary Proceeding to be transferred for trial before a jury in District Court." *See* BLR 9015–3.[1]

---

1. BLR 9015–3 provides: If the parties do not      consent to jury trial in Bankruptcy Court and

Therefore, in giving his consent, Plaintiff consented only to the bankruptcy court being the forum for the jury trial. In *Kramer v. Banc of America Securities, LLC*, 355 F.3d 961 (7th Cir.2004), the court held that a party can unilaterally withdraw consent to a jury trial under Fed.R.Civ.P. 39(c) where no absolute right to a jury trial exists. *See also CPI Plastics, Inc. v. USX Corp.*, 22 F.Supp.2d 1373, 1378 (N.D.Ga.1995). After the Proof of Claim was filed, Defendants lost their absolute right to a jury trial and as a result Plaintiff is entitled to unilaterally withdraw his consent to a jury trial in any forum.

### The Result in *Langenkamp* Is Unchanged By Filing the Proof Of Claim After the Adversary Proceeding Was Filed

The U.S. Supreme Court's holding in *Langenkamp* is unchanged by this Adversary Proceeding having been filed prior to the Proof of Claim. In *Travellers International AG, v. Robinson*, 982 F.2d 96, 100 (3d Cir.1992), a creditor against whom an adversary proceeding had been commenced filed a proof of claim based on a "contingent" claim and stated in a footnote that by filing the claim, it was not waiving its demand for a jury trial. The Third Circuit held that *Langenkamp* could not be circumvented by the footnote and that the creditor became subject to the exclusive jurisdiction of the bankruptcy court when it filed its proof of claim:

> To the extent that a creditor attempts to distinguish *Langenkamp* by arguing that the Supreme Court case refers

only to those preference actions in which a claim is filed before the preference action was brought, its position is unsupportable. No court has made such distinction, nor do we find such a distinction persuasive.

*Travellers*, 982 F.2d at 100. In the case of *Meehan–Weinmann v. First Union National Bank of North Carolina (In re Glen Eagle Square, Inc.)*, 132 B.R. 106, 112 (Bankr.E.D.Pa.1991), the court determined that because the creditor was aware of the existence of the adversary proceeding when it filed its proof of claim, it did so with knowledge that filing the proof of claim could jeopardize its jury trial demand, so that filing the proof of claim clearly constituted a knowing, voluntary, and intelligent waiver of its rights to a jury trial. Therefore, filing the Proof of Claim subsequent to the initiation of the Adversary Proceeding does not immunize Cressaty from the result in *Langenkamp, Travellers or In re Glen Eagle*.

### The Withdrawal of the Proof of Claim Does Not Reinstate Jury Trial Rights

■ Assuming that Cressaty properly withdrew the Proof of Claim,[2] the relevant case law supports the proposition that a creditor may retain its right to a jury trial only if it withdrew the proof of claim *before* an adversary proceeding was asserted against it, *Smith v. Dowden*, 47 F.3d 940, 943 (8th Cir.1995); *In re 20/20 Sport, Inc.*, 200 B.R. 972 (Bankr.S.D.N.Y.1996); or if the proof of claim was filed only as contingent and unliquidated, *In re Ogden New*

---

if timely demand has been made in a case triable by jury, the Bankruptcy Judge shall transfer the adversary proceeding to the District Court when the Bankruptcy Judge determines the case is ready for trial.

**2.** In light of the conclusion set forth above, it appears that Bankruptcy Rule 3006 would

have required a motion and a hearing on notice to Plaintiff before a withdrawal of the Proof of Claim would have been effective. Cressaty did not seek or obtain an order from the bankruptcy court allowing withdrawal of the Proof of Claim.

*York Services, Inc.,* 312 B.R. 729, 733–34 (S.D.N.Y.2004). In the case of *In re Sea Island Cotton Trading, Inc.,* 2000 WL 33952877, at 2–3 (Bankr.S.D.Ga.2000) (not reported in B.R.), the court held that "having once filed a proof of claim and submitted itself to bankruptcy court jurisdiction, a claimant has irrevocably waived a right to a jury trial as to any issue which might arise in that case." Thus, reinstatement of the right to a jury trial after both a proof of claim and an adversary proceeding has been filed is not possible. The filing of the Proof of Claim caused Cressaty to irrevocably lose the right to a jury trial.

 Defendants assert that the Proof of Claim was filed by Cressaty individually and cannot constitute a waiver of Cressaty Metals, Inc.'s right to a jury trial. Plaintiff asserts that this court should ignore the corporate separateness of Cressaty Metals, Inc. (the "Corporation"), *i.e.,* to, in effect, pierce the corporate veil, and impose the jury trial waiver upon the Corporation as well as Cressaty. In support of its argument Plaintiff asserts that all of the transfers Plaintiff seeks to recover were made to or for the benefit of both Defendants; that Defendants filed a joint Answer to Plaintiff's complaint; that Cressaty is the only employee ever employed by the Corporation; that Cressaty is the person who arranged for the Corporation to participate in Debtors' Ponzi scheme; and that Cressaty is the person who stood to benefit from the Corporation's dealings with Debtors. Plaintiff does not set forth that Cressaty is the Corporation's sole shareholder. Cressaty's status as the Corporation's only employee does not necessarily support a conclusion that Cressaty exercised absolute control over the Corporation. The cases cited by Plaintiff to support piercing the corporate veil so as to deny the Corporation a right to a jury trial involve piercing the corporate veil to re-

cover from an individual a transfer made to the related corporate defendant. The undersigned, however, is unwilling to deny a litigant the constitutional right to a jury trial based upon mere allegations of the close relationship between the individual defendant and the corporate defendant. Accordingly, it is hereby

**ORDERED** that Plaintiff's motion to strike Defendant Cherif Cressaty's Jury Demand is *granted;* Plaintiff's motion to strike Defendant Cressaty Metals, Inc.'s Jury Demand is *denied.*

**The Clerk, U.S. Bankruptcy Court, is directed to serve** a copy of this order upon Plaintiff's attorney, Defendant's attorney, and the Chapter 7 Trustee.

IT IS SO ORDERED.